MAYER S. GINSBURG,. Appellant, *v.* F. W. WOOLWORTH COMPANY, Respondent.

Second Department, November 15, 1918.

Appeal — remission of case to Special Term for limited purpose — landlord and tenant — suit by tenant to enjoin alterations in building — evidence.

When a case is remitted by the Appellate Division to the Special Term with direction to take a certain course or to proceed in accordance with the opinion, that course and no other can be legally taken.

In a suit by a tenant to enjoin changes in a building in which the premises occupied by him were located, the Appellate Division on appeal remitted the case to the Special Term to ascertain the damages, if any, which

plaintiff suffered by reason of the manner in which such alterations were made, and to render a money judgment therefor. Evidence examined, and *held*, that a judgment dismissing the complaint on the merits should be affirmed.

APPEAL by the plaintiff, Mayer S. Ginsburg, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 9th day of April, 1918, dismissing the complaint on the merits upon the decision of the court after a trial at the Westchester Special Term.

The action was an appeal to the Supreme Court in equity to enjoin the defendant, plaintiff's lessor, from continuing certain alterations to the building in which the demised premises were located and incidentally for damages to plaintiff's leasehold, and to his business as a dentist, alleged to be caused by the alterations to the building. The action was first tried in December, 1916, and judgment rendered for defendant. Upon appeal to this court the judgment of the Special Term was modified (179 App. Div. 364), as more fully appears by the order of this court, settled after the reported decision, by remitting the case to Special Term to ascertain the damages, if any, which plaintiff suffered by reason of the manner in which such alterations were made and to render a money judgment therefor; and, as modified, the judgment was affirmed. The case so remitted to the Special Term was brought on for trial on February 26, 1918, and judgment rendered for defendant on a finding that plaintiff had not suffered damage, and plaintiff appeals.

*David Goldstein,* for the appellant.

*Martin A. Schenck* [*Charles H. Tuttle* with him on the brief], for the respondent.

BLACKMAR, J.:

Most of the issues in the case were disposed of by the prior judgment which was modified and, as modified, affirmed by this court. A new trial of the issues was not granted; but the case was remitted to the Special Term for a limited purpose beyond which that court had no power to go. Whether the claim of the plaintiff for money damages rests in a breach of the express covenant for quiet enjoyment, or in an action

on the case for damages for the wrongful acts of the land-lord, it has been adjudicated that if the plaintiff establishes by evidence that the manner in which the repairs were made injured the demised premises to the damage of plaintiff, he is entitled to a judgment therefor. Many of the questions argued in the briefs are no longer open. Whether, after the determination that plaintiff is not entitled to equitable relief, a money judgment can be rendered, or whether a cause of action on a covenant for quiet enjoyment exists without actual or constructive eviction, are questions no longer open for discussion in this case. When a case is remitted to Special Term with direction to take a certain course or to proceed in accordance with the opinion, that course and no other can be legally taken. Mindful of this rule, the learned trial justice decided the questions of fact for the determination of which the case was remitted. We have examined the evidence and see no reason for interfering with the findings in this respect.

The judgment should be affirmed, with costs.

Present — JENKS, P. J., THOMAS, RICH, BLACKMAR and JAYCOX, JJ.

Judgment unanimously affirmed, with costs.